## Appeal of M. J. McCABE CO.                    Docket No. 21.

In computing net income subject to tax, salaries not paid or accrued during the taxable year are not deductible from gross income in that year.

Submitted October 1, 1924; decided November 10, 1924.

*Oliver A. Wyman, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

(1) The M. J. McCabe Co. is a Massachusetts corporation and filed its tax returns on the calendar year basis.

By letter dated June 23, 1924, the Commissioner computed the tax liability of the petitioner for the year 1918 at $725.35, to which was added a penalty of 25 per cent for delinquency in filing the return, in the sum of $181.32, making a total for tax and penalty of $906.67, and this amount was reduced by the sum of $385.62, previously assessed, leaving a proposed deficiency to be assessed of $521.05.

(2) In computing said deficiency the Commissioner disallowed (1) claimed depreciation on certain fixtures attached to the realty costing $2,500, which had a useful life of three years; (2) claimed depreciation on other furniture and fixtures costing $1,537.50, which had an estimated life of 10 years; (3) a claimed deduction of $207.86, reported as *other income*, which had already been included in gross income; (4) a claimed salary deduction of $400 paid to M. J. McCabe during the taxable year; and (5) additional salary to M. J. McCabe in the amount of $1,500.

(3) As to the items (1), (2), and (3), above, the Commissioner now admits error and that the deductions were properly allowable. As to item (4), above, the Board finds that an agreement was made between McCabe and the company that he should be allowed a drawing account of $40 per week, and that under said agreement there was actually paid to him during the year the sum of $400, which amount was erroneously returned by him as dividends received in his personal return. As to item (5) it was agreed by the directors of the corporation that the officers thereof should be allowed salaries for their services but that no amount was ever fixed or paid by the corporation or accrued on its books.

### DECISION.

In computing the net income subject to tax there shall be allowed as deductions (1) depreciation on fixtures attached to the realty costing $2,500 at the rate of $33\frac{1}{3}$ per cent, (2) depreciation on furniture and fixtures costing $1,537.50 at the rate of 10 per cent, (3) the sum of $207.86 reported as *other income*, and (4) the sum of $400 salary actually paid during the taxable year. The claimed salary deduction of $1,500 not paid or accrued is disallowed as a deduction. The determination of the deficiency by the Commissioner is approved in part and disapproved in part and the amount of the deficiency to be assessed will be settled by the Board on consent or on seven days' notice.